UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARRY PICKETT, | : | Case No. 3:10-cv-177 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING MOTION FOR AWARD OF ATTORNEY FEES UNDER THE SOCIAL SECURITY ACT 42 U.S.C. § 406(B) (DOC. 22)**

This case is presently before the Court on Plaintiff's Motion for Award of Attorney Fees Under the Social Security Act 42 U.S.C. § 402(b). (Doc. 22). The Commissioner of Social Security did not file any response or opposition to Plaintiff's Motion, and the time for doing so has expired.

Plaintiff Barry Pickett initially filed an application for disability insurance benefits in 2005, alleging a disability onset date of March 8, 2005. Plaintiff's impairments included degenerative and traumatic arthritis of the cervical spine with residuals of surgery, a history of left tibia/fibula fracture, and intermittent insomnia. Plaintiff's application for benefits was denied at the administrative level, including an initial denial, a denial on reconsideration, a finding of non-disability following a hearing and decision by an administrative law judge ("ALJ"), and finally, a denial of review by the Appeals Council. On appeal, this Court reversed the decision of the Commissioner and remanded the case to the ALJ for an immediate award of benefits. (Doc. 17).

On July 27, 2011, Plaintiff moved for fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.*, in the amount to $4,702.50. (Doc. 19). Thereafter, the parties filed an Agreed Petition to an Award of Attorney Fees Under the EAJA in the amount of $4,000, which the Court granted by Order dated and docketed August 15, 2011. (Docs. 20, 21). Plaintiff's attorney now moves for an award of attorney fees in the amount to $19,315.50 pursuant to 42 U.S.C. § 402(b).[1]

"[A]n award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged." *Cabrera v. Comm'r of Soc. Sec.*, No. 2:08-cv-1087, 2011 WL 4360019, at *1 (S.D. Ohio Sept. 19, 2011) (citing *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir. 1989)). The twenty-five percent of past-due benefits is to be calculated based upon "the benefits which accrued up to the date three months after the case became ripe for decision." *Id.* (citing *Dearing v. Sec. of HHS*, 815 F.2d 1082 (6th Cir. 1987).[2]

"[A] 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Townsend v. Astrue*, No. 3:07-cv-267, 2010 WL 2598201, at *1 (S.D. Ohio Jun. 2, 2010) (citing *Rodriguez*, 865 F.2d at 746). A fee should be deducted only in situations involving "improper conduct or ineffectiveness of counsel" or

---

[1] Plaintiff represents that the $4,000 awarded as fees and costs pursuant to the EAJA will be refunded to Plaintiff.

[2] Here, the letter from the Social Security Administration attached to Plaintiff's Motion states that Plaintiff's "past-due benefits are $77,262.00 for September 2005 through March 2011." (Doc. 22-3). Here, Plaintiff's appeal to this Court became ripe on or about January 13, 2011, when Plaintiff filed a Response to Defendant's Memorandum in Opposition. (Doc. 16). Accordingly, the full $77,262.00 represented in the SSA letter accrued within three months of the case becoming ripe for decision.

"situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*.

Generally, a contingency fee that amounts to twice the attorney's "standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on the grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate." *Cabrera*, 2011 WL 4360019, at *1 (citing *Hayes v. Sec. of HHS*, 923 F.2d 418 (6th Cir. 1991). Simply put:

> the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made.

*Id*. (citing *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 653 (6th Cir.1997)).

Here, Plaintiff's attorney evidences a total of 27.25 hours spent representing Plaintiff on appeal before issuance of the ultimate decision reversing the Commissioner's findings and remanding for an award of benefits. A significant portion of those hours represents time spent preparing written submissions to the Court, namely the Complaint, the Statement of Specific Errors, and Plaintiff's Reply Memorandum, tasks generally performed by attorneys.

The $19,315.50 fee requested for the 27.25 hours of work results in a hypothetical hourly rate of approximately $709. Plaintiff's attorney represents that her typical hourly rate is $165. Thus, the ultimate fee requested represents a hypothetical hourly rate over four times greater than counsel's typical hourly rate.

Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel[3] and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

Finally, this case was not delayed by the actions of any party or Counsel. The only extensions requested, and subsequently granted, were routine extensions requested by the Commissioner to respond to Plaintiff's Statement of Errors. In fact, the case was resolved expeditiously, *i.e.*, within eight months after Plaintiff's filing of his Statement of Specific Errors and within three-and-a-half months of becoming ripe for decision.

Accordingly, finding the contingency fee requested to be reasonable, Plaintiff's Motion for Award of Attorney Fees is **GRANTED** in the amount of $19,315.50. As represented by Plaintiff's attorney, Plaintiff shall be reimbursed or credited the $4,000 already awarded by the Court pursuant to the EAJA.

**IT IS SO ORDERED**.

Date: May 17, 2012   *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[3] Here, the agreement provides that Plaintiff agrees "to pay [counsel] a contingent fee of 25% of the past-due benefits awarded to me and my family if this attorney obtains any benefits on appeal to the Federal Court or on remand of the case to the Administrate Law Judge by the Federal Court."